# Betts *v.* Ballentine.

*Quo Warranto.*

(Decided June 13, 1911.　55 South. 814.)

*Judges; Term of Office; Extension of Term; Statute.*—Section 1463, has no application to the judge of the court created by Local Laws 1907, p. 189, nor prolonging the term of office of an appointee of a superior court, or delay the right of a judge elected to fill a succeeding term of the same office, when the terms of both were fixed by the act creating the court, hence, on the election and qualification of a successor to the appointees as judge of the court so elected, the appointees term of office ipso facto expired.

APPEAL from Madison Circuit Court.
Heard before Hon. D. W. SPEAKE.

[Betts v. Ballentine.]

Action in the nature of quo warranto against Tancred Betts, to determine who held the office of judge of the Madison Law and Equity Court. Judgment for petitioner, and respondent appeals. Affirmed.

LANIER & PRYDE, and COOPER & COOPER, for appellant. The controversy lies over the construction of section 4, Local Law 1907, p. 189, in connection with section 1463, Code 1907, and section 336, Code 1907. It is the plain policy of the general law that the term of all judicial officers begin at a fixed date, the first Monday after the second Tuesday in January, after their election in November. On this subject see generally *Hughes v. City Council*, 65 Ala. 207; *Lane v. Kolb*, 92 Ala. 645; *State ex rel. Little v. Foster*, 130 Ala. 160; *State ex rel. v. Thompson*, 142 Ala. 98; *Stevens v. Davis*, 39 South. 831.

WALKER & SPRAGINS, PAUL SPEAKE, and S. S. PLEASANTS, for appellee. The key to the jury box was property belonging to or appertaining to the office and came to appellant's possession while judge.—Acts of Ala. Specl. Sess. 1909, pp. 308-309 and 314-315. The key being property appertaining to the office and no disputed facts being involved the proceeding instituted by appellee under sections 1549 and 1550 et seq. of the Code were proper to require its surrender if appellee showed a clear prima facie right to the office.—*Thompson v. Holt*, 52 Ala. 491; *Chambers v. Stringer*, 62 Ala. 596; *Lane v. Kolb*, 92 Ala. 636; *Tilllman v. Porter*, 142 Ala. 372. Inferior courts of law and equity are of legislative creation and are distinguished from all other tribunals to which the constitution refers. The judges may be either appointed or elected in such manner as the legislature may prescribe.—Constitution of Ala.

1901, section 153; *Sayre v. Winter*, 118 Ala. 1. In the act creating the Law and Equity Court of Madison county the legislature has fully provided the manner of filling the office of judge. The first judge to be appointed and hold until his successor is elected at the general election in 1910. The election and qualification at that election of his successor is provided for. The length of the term of office and for the filling of all vacancies by appointment, the appointee to hold until his successor is elected, all in line with the requirements of the Constitution as to the length of time appointees to the office of Circuit Judge or Chancellor to fill vacancies or in case of the creation of a new Circuit or Division.—Local Acts of Ala. 1907, p. 263, Sec. 4; Constitution of Ala. 1901, Secs. 158 and 159; *Ham v. The State*, 162 Ala. 117. The language is clear and unambiguous. "The judge shall be appointed for this court by the Governor, to hold until the general election in 1910, and until his successor is elected and qualified. * * * The term of the judge shall be six years, and until his successor is elected or appointed and qualified; *and a judge shall be elected at the general election in 1910, and every six years thereafter.* The judge shall take and file the oath of office required of Circuit Judges. * * * " When a statute is unambiguous in its language and plain in its meaning there is no room for construction or interpretation.—*Carlisle & Jones v. Godwin*, 68 Ala. 137; *Porter & Co. v. Miles*, 67 Ala. 130; *Toole v. State*, 88 Ala. 158; *Kelly v. Burke*, 132 Ala. 242. If the act creating the court did not fix the date or a time for the Judge elected in 1910, to assume his official duties the time for such commencement would be upon his election and qualification.— 23 Am. and Eng. Enc. of Law (2nd Ed.) p. 411; *Fox v. McDonald*, 101 Ala. 76; *Prowell v. State*, 142 Ala. 85.

The language in Section 4 of the Act creating the court referring to the judge appointed by the Governor: "and until his successor is elected and qualified," does not prolong the term of appellant beyond a reasonable time after the election, to enable the appellee to qualify. Such is the established laws of this state.—*Prowell v. State ex rel Hasty,* 142 Ala. 80; *Dowling v. White,* 116 Ala. 306.; *City Council of Montgomery v. Hughes,* 65 Ala. 201. Section 1463 of Code of 1907, does not prolong the term of Judges, nor does it fix any date for the qualification of a Judge nor forbid any Judge elected from assuming office immediately upon qualification, if the constitutional term of his predecessor has, or the statutory term, if a Law and Equity Judge, has expired. The same section when it was section 3054 of the Code of 1896, was so construed.—*Prowell v. State ex rel Hasty,* 142 Ala. 80; *State ex rel Covington v. Thompson,* 142 Ala. 110. Section 1463 of the Code refers to Circuit Judges, Chancellors and "Judges of Inferior Courts." It was never intended and does not apply to cases of the election of Judges to succeed appointees to judicial offices, so as to prolong the term of the appointee, or delay the right of a judge elected to fill an office to take office upon election and qualification. To so construe it would make it unconstitutional.—Constitution of Ala. 1901, Secs. 158 and 159; *Prowell v. State, ex rel Hasty,* 142 Ala. 80. Section 247 of the Code of Ala. of 1876 did contain a provision in reference to Circuit Judges, Chancellors and Inferior Court Judges, fixing the time of their election and providing that "such officers so elected on the first Monday in August, 1880, shall not enter on the discharge of the duties of their respective offices until after the first Tuesday after the first Monday in November 1880." This provision is omitted from the cor-

responding section of all subsequent codes and no similar one inserted in lieu thereof.—Code of Ala. 1886, Sec. 342; Code of Ala. 1896, Secs. 1578 and 3054; Code of Ala. 1907, Secs. 336 and 1463. The Act creating the court expressly fixing and limiting the term of the judge to be appointed by the Governor and providing for the election in 1910 of his successor is exclusive of any other method of filling the office on the expiration of the appointee's term.—*State ex rel Little v. Foster,* 130 Ala. 154.

MAYFIELD, J.—This case is to determine the proper custodian of the key to the jury box for Madison county. The judge of the law and equity court of that county is the proper custodian. The question to be decided depends solely upon whether appellant or appellee was judge of such court at the time the proceeding was instituted, the point of the dispute being as to when the term of office to which the appellant was appointed ended, and when the term to which the appellee was elected began.

The appellant was appointed judge under the provisions of the act of February 26, 1907 (Laws 1907, p. 189), creating the law and equity court for Madison county. The provisions of the act relating to the term of office and applicable to this case are as follows: "The judge shall be appointed for this court by the Governor to hold *until* the general election in 1910, and until his successor is elected and qualified. * * * The term of the office shall be six years and until his successor is elected or appointed and qualified and a judge shall be elected at the general election in 1910, and every six years thereafter. The judge shall take and file the oath of office required of circuit judges."

At the time this proceeding was instituted by appellee he had been elected to the office at the general election held in 1910, and had qualified by making bond and taking the oath of office. He was therefore clearly within the letter and spirit of the act, and was entitled to assume the duties of the office. It is also equally certain that this election and qualification of the appellee to discharge the duties of the office terminated the right of the appellant to discharge such duties. Unquestionably the act did not contemplate that there could be two judges of such court at the same time. The appellant was appointed by the Governor under the provisions of the act quoted above and was therefore entitled to hold office, under the language of that statute, "until the general election in 1910 and until his successor" was "elected and qualified."

It is shown that the appellee was elected at that election, and was the successor of appellant, and that he had qualified and was discharging the duties of the office. This being true and it being conceded that the judge of the court was entitled to the custody of the key to the jury box—the subject of dispute—it was the duty of appellant to deliver such key to the appellee as his successor in office and the judge of the circuit court properly directed appellant so to do.

There is nothing in any of the provisions of the Code to which we have been referred by counsel, nor in any other, of which we know, that changes the provisions of the local act in question, as to the ending of appellant's term of office, or as to the beginning of that of the appellee. While section 1463 of the Code of 1907 includes judges of inferior courts it also expressly provides that the terms of office fixed in such section, for such judges, shall not govern in cases where the terms of office are "otherwise provided by law."

[Betts v. Ballentine.]

The act under consideration does not provide otherwise than that the appointee (who was the appellant in this case) should hold office "until the general election in 1910, and until his successor" was "elected and qualified." It is conclusively shown that this term had expired before this proceeding was instituted, that the appellee was the successor, and that the term to which he was elected had begun.

. It was never intended that section 1463 of the Code, above referred to, should prolong the term of office of an appointee as judge of an inferior court, or delay the right of a judge elected to fill a succeeding term of the same office, when the terms of both were fixed by the act creating the court.

It has frequently been held by this court that the phrase, "until their successors are elected and qualified," or similar ones, so often found in our Constitution and statutes, do not prolong the terms of such offices beyond a reasonable time after the election or appointment of their successor, but that such a phrase is intended to cover only such reasonable time as will enable the successor to qualify; nor does such phrase fix any definite time at which the successor shall qualify, nor does it forbid him, after he has qualified, to assume the duties of the office provided the term of his predecessor in office has terminated.

The inferior courts of law and equity of this state are of statutory, and not constitutional, origin. While the Constitution authorizes them, they are and must be of statutory creation; and the Constitution provides that the judges of such courts may be either appointed or elected in such manner as the Legislature may prescribe. The local acts creating such courts as the law and equity court of Madison county have sometimes provided that the judge of such court should be ap-

[Betts v. Ballentine.]

pointed by the Governor, sometimes that he should be elected by the Legislature, and sometimes by the voters within the territorial jurisdiction of such court. The terms of office of such judges have not been uniform, nor have they always been that of the circuit judges or chancellors. These matters are usually controlled by the local statutes creating such court. Such was clearly the intention of the Legislature, as to the term of office of the judge of the law and equity court of Madison county.

Looking to that statute, we have no hesitancy in saying that if the matters set up in the petition in this case are true, the appellee was the judge of that court, and was therefore entitled to the custody of the key to the jury box at the time this proceeding was instituted, and at the time of the hearing of the case in the lower court, and the rendition of the judgment in the lower court.

As before stated, we think that none of the provisions of the Code were intended to take the place of these provisions in the local statutes as to the term of office of the judge of that court.

It therefore follows that the judgment of the lower court was proper, and it is in all things affirmed.

Affirmed.

SIMPSON, ANDERSON, and McCLELLAN, JJ., concur.